## IDAHO OIL CO. v. WOODLEY et al.

### No. 3599.

Court of Civil Appeals of Texas. El Paso.
Dec. 30, 1937.

Rehearing Denied Jan. 27, 1938.

W. C. Hancock, of Gilmer, Edwin M. Fulton, of Texarkana, and Leon D. Glasscock, of San Antonio, for appellant.

Hatchell & Hatchell, of Longview, for appellees.

WALTHALL, Justice.

J. E. Woodley and T. B. Lanford, as plaintiffs, brought this suit against Idaho Oil Company, a corporation, and the Associated Pipeline Company, a corporation, to recover judgment for $1,396.14, and interest, and to have construed a certain instrument or contract in writing purporting to convey to plaintiff Woodley one-sixteenth of all the oil and gas produced and saved from an oil well on a certain one-acre tract of land, described in the petition.

The record shows that at the beginning of this controversy plaintiff Woodley and defendant Idaho Oil Company owned the oil and gas lease on which was one producing oil well, said Company owning six-eighths and Woodley one-eighth thereof; the property got into financial distress and the operation of the oil well ceased. After some correspondence between Idaho Oil Company, acting through its president, W. D. Glasscock, and Woodley, the following contract between them was entered into:

"The State of Texas,

"County of Gregg:

"Whereas, on the 4th day of September, 1931, a certain oil, gas and mining lease was made and entered into by and between Joe Miller, J. K. Landers and C. T. Shelton, Deacons of the Missionary Baptist Church of East Mountain, Texas, lessor, and the Idaho Oil Company, lessee, covering the following described property, situated in Upshur County, Texas. [Here describing property.]

"Said oil and gas lease was assigned by the Idaho Oil Company to R. H. Allison, Agent; and

"Whereas, on or about the 6th day of January, 1932, R. H. Allison, Agent, conveyed to J. E. Woodley an undivided one-eighth (1/8) of the seven-eighths (7/8) or 7/64 interest in said above described oil and gas mining lease; and

"Whereas, the interest held by R. H. Allison, Agent, in said oil and gas lease has been acquired by the Idaho Oil Company, a corporation; and

"Whereas, the said J. E. Woodley and the Idaho Oil Company have agreed that the Idaho Oil Company shall assign and convey to the said J. E. Woodley a one-sixteenth (1/16) of the oil, gas and other minerals produced and saved from the above described leased premises, said 1/16 interest to be payable to J. E. Woodley, free of cost to the said J. E. Woodley said 1/16 to be denominated an over-riding royalty, payable net to the said J. E. Woodley. And in consideration of the above conveyance, the said J. E. Woodley is to convey to the said Idaho Oil Company all right, title and interest that he acquired by reason of the assignment dated January 6, 1932, executed by R. H. Allison, Agent, and in favor of J. E. Woodley above referred to, and it is understood and agreed that the conveyance by J. E. Woodley to the Idaho Oil Company shall be inoperative in event the conveyance from the Idaho Oil Company to J. E. Woodley should for any cause be void or not convey the interest therein specified, and it is further mutually agreed between the parties that this mutual exchange shall

take effect as of the 17th day of April, 1932.

"Now, therefore, in consideration of the above, I, J. E. Woodley, do hereby convey to Idaho Oil Company, a corporation, all right, title and interest that I acquired in the above described property by reason of the instrument executed January 6, 1932, and executed by R. H. Allison, Agent. And I, Idaho Oil Company, a corporation, acting herein by its duly authorized agent, do hereby sell, transfer, assign and convey unto the said J. E. Woodley ⅟₁₆th of all the oil, gas and other minerals saved and produced from the above described premises, said ⅟₁₆ to be an over-riding royalty payable free of cost to the said J. E. Woodley.

"Witness our hands, this the ———— day of May, A. D. 1932.

"Idaho Oil Company,
"By W. D. Glasscock,
"J. E. Woodley.

"Attest:

"L. G. Glasscock,
"[Seal.]"

Subsequent to the execution of the above contract Woodley conveyed to Lanford a certain oil payment, but which has no bearing on the issues here, as no partition of plaintiffs' interest is sought.

Plaintiffs, in their suit, declared upon the above contract as transferring to Woodley an undivided one-sixteenth overriding interest in the oil well, free of all cost to him in exchange for his one-eighth of seven-eighths of his working interest in the oil well, relieved of all existing and future debts, and conveying to Woodley one-sixteenth of all the oil produced, saved, and marketed from the property after the date of the contract.

Prior to the execution of the contract certain debts and obligations had been created and incurred, and numerous liens placed against the property. In a judicial proceeding it was determined that the indebtedness and obligations must be discharged before any sums of money should be paid to plaintiffs upon their one-sixtenth interest. A receiver of the property was appointed, and the pipe line company purchasing the oil was directed to pay to the receiver the proceeds from the sale of seven-eighths of the oil produced from the land. The debts and liens were established by judicial decree and ordered paid, the amount being referred to in the report of the receiver.

The oil from the property purchased by the Sun Oil Company amounted to $18,-640.36, less one-eighth royalty, which was paid to the receiver and used in the payment of the debts and liens above referred to.

The Sun Oil Company then disconnected its lines from the property, and defendant Associated Pipeline Company commenced purchasing the oil, and purchased to the value of $5,688.40. Seven-eighths of the amount was paid to the receiver and used by the receiver in the payment of the debts of defendant.

The Associated Pipeline Company has continued to purchase the oil from the property, and, as stakeholder, has held in suspense the proceeds of the sale of one-sixteenth of the oil produced, and in its answer has expressed a willingness to abide by the judgment of the court.

A jury was ordered, impaneled, and sworn in the case, but, after the evidence was heard both parties, in open court, announced that there was no issue of fact to be submitted to the jury, and agreed that the case be withdrawn from the jury, the jury discharged, and the issues decided by the court, which was done.

The court rendered judgment in favor of plaintiffs and against defendant Idaho Oil Company for $1,396.14, and interest thereon, less the federal tax paid by defendant, and further construed the written contract as conveying a one-sixteenth of the eight-eighths interest in the property described, that is, construed the contract as conveying to J. E. Woodley a one-sixteenth of all the oil, gas, and other minerals saved and produced from the said premises and to be produced therefrom, and decreed that defendant Associated Pipeline Company, a mere stakeholder, pay to J. E. Woodley the purchase price of one-sixteenth of all the oil, gas, and minerals in the proportion above stated and directed, and to deliver to Woodley any sums of money held by it as the purchase price of said one-sixteenth interest; and made other orders not brought into question here.

Defendant Idaho Oil Company prosecutes this appeal.

## Opinion.

The trial court construed the contract executed by appellant and appellee, the construction of which we think was properly given. The construction to be given

the contract, as we view it, and the amount of money found to be due appellee from the evidence of sales of the oil, gas, and other minerals produced and saved from the premises described, are the only issues involved in the suit.

The amount of the minerals passed through the pipe lines, and its value was easily determined from the evidence and the disposition made of it. The construction of the contract by the court, and the amount and value of the minerals received by the pipe lines, free of costs of production, were all properly determined by the court on the trial.

We have considered appellant's propositions, and have concluded there is no merit in any of them. They are all overruled.

. We have found no reversible error, and the case is affirmed.